## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BILLY KEITH JONES, individually**                        **CIVIL ACTION**
**And on behalf of the late BILLY**
**WAYNE JONES**                                             **NO. 20-351-SDD-RLB**

**VERSUS**

**CATERPILLAR, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 18, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY KEITH JONES, individually** <br> **And on behalf of the late BILLY** <br> **WAYNE JONES** | **CIVIL ACTION** <br><br> **NO. 20-351-SDD-RLB** |
| **VERSUS** | |
| **CATERPILLAR, INC., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 26). The motion is opposed. (R. Doc. 30). The Court ordered Plaintiff to file a Reply Memorandum specifically addressing the Fifth Circuit Court of Appeals decision in *Texas Brine Co., LLC v. Am. Arbitration Ass'n*, 955 F. 3d 482 (5th Cir. 2020) ("*Texas Brine*"). (R. Doc. 31). Plaintiff filed a Reply. (R. Doc. 35).

**I.    Background**

On or about June 2, 2020, Plaintiff filed this wrongful death and survival action in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-2).

On June 10, 2020, Honeywell International Inc., as successor in interest to AlliedSignal, Inc., as successor in interest to The Bendix Corporation ("Honeywell"), removed this action asserting the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Honeywell filed an Amended Notice of Removal on June 12, 2020. (R. Doc. 5). The Court ordered Honeywell to file another amended notice of removal to identify the citizenship of certain defendants. (R. Doc. 7). Honeywell filed a second Amended Notice of Removal on July 2, 2020. (R. Doc. 21).

In its removal papers, Honeywell acknowledges that "defendants Anco Insulations, Inc., The J. Graves Insulation Company, Taylor-Seidenbach, Inc., and The McCarty Corporation are believed to be Louisiana citizens," and are, therefore, forum defendants. (R. Doc. 1 at 7). Honeywell nevertheless asserts that those defendants had not been served with process at the time of removal and, therefore, removal was proper despite the forum-defendant rule. (R. Doc. 1 at 7-8). In support of its position that removal is proper where no forum defendants have been served with process, Honeywell specifically relied upon *Texas Brine*. (R. Doc. 1 at 7).

While Honeywell originally asserted that no defendants had been served at the time of removal, its Amended Notice of Removal filed on June 2, 2020 acknowledges that the non-forum defendants General Electric Company and International Paper Company were in fact served with process just prior to removal on June 10, 2020. (R. Doc. 5 at 8). Honeywell obtained and submitted written consents of removal from those two defendants just two days after they were served and the action was removed. (R. Docs. 5-2, 5-3).

On July 9, 2020, Plaintiff filed the instant Motion to Remand, which seeks removal for violation of the forum-defendant rule and lack of unanimity. (R. Doc. 26).

## II.    Arguments of the Parties

Plaintiff seeks remand on the basis that removal was procedurally improper in light of the forum-defendant rule provided in 28 U.S.C. § 1441(b)(2). Plaintiff argues in support of its motion, without addressing *Texas Brine*, that "snap" removal of actions prior to service on a forum defendant is improper gamesmanship and contrary to the purposes of the forum-defendant rule and otherwise circumvents the rule of unanimity. (R. Doc. 26-1 at 4-10). Plaintiff also seeks an award of attorneys' fees and costs because the removal was objectively baseless. (R. Doc. 26-1 at 11).

In opposition, Honeywell argues that *Texas Brine* stands for the proposition that snap removal is now allowed in the Fifth Circuit. (R. Doc. 30). Honeywell highlights that Plaintiff relies upon district court decisions pre-dating *Texas Brine* or decisions outside of the Fifth Circuit in arguing for remand and an award of attorneys' fees and costs. (R. Doc. 30 at 4-6).

In reply, Plaintiff attempts to distinguish *Texas Brine* on the basis that an "exceptional circumstance" exists that would justify departing from the express language of 28 U.S.C. § 1441(b)(2). (R. Doc. 35). In short, Plaintiff argues that remand is appropriate because state courts, including the 19th Judicial District Court for the Parish of East Baton Rouge, have adopted special case management orders to facilitate and expedite asbestos-related personal injury actions. (R. Doc. 35 at 2). Plaintiff argues that fundamental unfairness would result if the action is not remanded because Honeywell's snap removal would deny him the ability to be the master of his own claim and have access to the specialized asbestos-related docket in the forum of his choice. (R. Doc. 35 at 3).

### III.  Law and Analysis

A case removed on the basis of diversity jurisdiction may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This requirement is often referred to as the "forum-defendant rule" and is procedural in nature. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . ." 28 U.S.C. § 1447(c).

There is no dispute that there is complete diversity between the parties as necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). There is also no dispute that certain forum

defendants are named in the Petition but were not served with process prior to removal. The sole issues before the Court are whether Honeywell's snap removal of the action prior to service on any of the forum defendants constitutes a procedural defect and whether remand is otherwise appropriate on the basis that served defendants failed to timely consent to removal. Having considered the arguments of the parties and the governing law, the Court concludes that Plaintiff's Motion to Remand lacks merit.

The Fifth Circuit has specifically held that the forum-defendant rule found in 28 U.S.C. § 1441(b)(2) allows for the practice of snap removals. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020). In *Texas Brine*, the Fifth Circuit specifically addressed "whether the forum-defendant rule prohibits a non-forum defendant from removing a case when a not-yet-served defendant is a citizen of the forum state." *Id*. at 485. The Fifth Circuit held that the plain language of Section 1441(b)(2) is unambiguous and allowing snap removal does not lead to an absurd result. *Id.* at 486-487. The Fifth Circuit also noted that while there may be "exceptional circumstances" that may support the tolling of removal-filing deadlines, there was no basis to "insert a new exception into Section 1441(b)(2), such as requiring a reasonable opportunity to serve a forum defendant." *Id*. at 487.

Applying the plain language of Section 1441(b)(2), Honeywell's removal was not barred by the forum-defendant rule because no forum defendants were "properly joined and served" at the time of removal. *See* 28 U.S.C. § 1441(b)(2); *Texas Brine*, 955 F.3d at 486-87. The Court finds no basis for entertaining Plaintiff's "fundamental unfairness" argument based upon the subject matter of his lawsuit and the availability of special docketing procedures for asbestos-related actions in state court. In *Texas Brine,* the Fifth Circuit left no room for equitable exceptions in holding that the plain language of Section 1441(b)(2) allows snap removals: "[a]

non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Texas Brine*, 955 F.3d at 487; *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair."). Furthermore, given that there is no barrier to an exercise of diversity jurisdiction over asbestos-related actions, the Court finds no basis for creating an equitable exception precluding snap removal of asbestos-related actions. Like any other plaintiff filing a state court action, a plaintiff filing an asbestos-related action may attempt to avoid snap removals by serving a forum defendant immediately after filing the lawsuit.[1]

Finally, there is no evidence that remand is warranted for violation of the rule of unanimity. The rule of unanimity has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.,* No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). A defendant may remove an action prior to being served. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).

---

[1] Here, eight days expired between the filing of the action in state court and removal of the action. Plaintiff had the opportunity to serve forum defendants prior to removal and, as discussed below, in fact served two non-forum defendants prior to removal.

Here, Honeywell removed the action on June 10, 2020, asserting that no defendants, including itself, had been served at the time of removal, and, therefore, no consent of removal from any other defendants was required. (R. Doc. at 1 at 6-8). On June 12, 2020, Honeywell filed an Amended Notice of Removal providing that its counsel learned that the non-forum defendants General Electric Company and International Paper Company were served with process on the morning of removal. (R. Doc. 5 at 8). Honeywell obtained and submitted written consents of removal from those two defendants within two days of service and removal. (R. Docs. 5-2, 5-3). Plaintiff raises no argument that any other defendants served prior to removal did not timely consent to removal. Accordingly, the Court finds no basis for remanding the action on the basis that the rule of unanimity is not satisfied.

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 26) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 18, 2020.

                **RICHARD L. BOURGEOIS, JR.**
                **UNITED STATES MAGISTRATE JUDGE**